# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Michelle McKenna,

    Plaintiff,

vs.

David Z. Chesnoff, Ctd. P.C., et al.,

    Defendant.[1]

No: 2:14-cv-1773-JAD-CWH

**Order Denying Demands for Security of Costs [Docs. 8, 9, 10]**

In this diversity action, defendants Richard A. Schonfeld, David Z. Chesnoff, and David Z. Chesnoff, Chtd., P.C. have filed a demand upon non-Nevada plaintiff Michelle McKenna to post $500 as security for costs under NRS 18.130.  Docs. 8, 9, 10.  The statute provides in pertinent part,

> When a plaintiff in an action resides out of the State . . . security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint. When so required, all proceedings in the action shall be stayed until an undertaking, executed by two or more persons, be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $500; or in lieu of such undertaking, the plaintiff may deposit $500, lawful money, with the clerk of the court, subject to the same conditions as required for the undertaking.[2]

Trial courts in this district have remarked that the District of Nevada customarily applies NRS 18.130 in federal cases where, as here, jurisdiction is premised on diversity of citizenship, and the written demand is treated in this district as a motion to require the plaintiff to post the $500 security.[3]  "The requirement of a cost bond is a statutory right which must be properly invoked by each defendant."[4]

---

[1] The caption on the defendants' demands reflects third-party claims that have not been filed in this case.  *See* Docs. 8-10.  Defendants are cautioned that the caption should reflect the actual state of the action and not anticipated claims.

[2] NRS 18.130(1) (emphasis added).

[3] *See Hamar*, 98 F.R.D. at 305-06 (citing cases); *Harfouche v. Stars on Tour, Inc.*, 2013 WL 4876488, at *1 (D. Nev. Sept. 5, 2013); *Feagins v. Trump Organization*, 2012 WL 925027, at *1 (D. Nev. Mar. 19, 2012).

[4] *Brion v. Union Plaza Corp.*, 763 P.2d 64, 65 (Nev. 1988).

I follow the District of Nevada's longstanding policy permit a defendant in a diversity action in this court to demand security from a non-Nevada resident plaintiff under NRS 18.130,[5] but I stop short of ordering the plaintiff in this case to post the demanded security at this time because I cannot determine from defendants' notices whether their demands are timely. NRS 18.130 allows demands only "*within the time limited for answering the complaint*."[6] Federal Rule of Civil Procedure 12(a)(1) gives defendants "21 days after being served with the summons or complaint" to answer.[7] The docket reflects that all three defendants were served with process on October 28, 2014, but they made their respective demands for security on December 10, 2014—43 days after being served. Defendants offer no discussion of the timing of their demands from which I can conclude that some other deadline was in effect. Accordingly, I deem these notices (Docs. 8-10) to be written demands under NRS 18.130 served on December 10, 2014; but because I cannot conclude that these demands are timely, I decline to order plaintiff to post costs at this time.

Accordingly, it is HEREBY ORDERED that Richard A. Schonfeld, David Z. Chesnoff, and David Z. Chesnoff, Chtd., P.C.'s  Demands for Security of Costs **[Docs. 8, 9, 10] are DENIED** without prejudice.

DATED: December 10, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] Exceptions to the bond requirement may be permitted where a plaintiff is indigent, with indigency demonstrated "in detail by affidavit." *Arrambide v. St. Mary's Hospital, Inc.*, 647 F. Supp. 1148, 1149 (D. Nev. 1986).

[6] NRS 18.130(1) (emphasis added).

[7] Fed. R. Civ. P. 12(a)(1).