UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Michelle McKenna,

    Plaintiff

v.

David Z. Chesnoff, Ctd. P.C., et al.,

    Defendant

No: 2:14-cv-1773-JAD-CWH

**Order Regarding Summary Judgment Briefing**

**[ECF 38, 39, 40, 45]**

    Defendants have moved for summary judgment on a portion of plaintiff Michelle McKenna's claims in this legal-malpractice action.[1] Although McKenna responded to the motion in December[2] and the defendants replied,[3] critical discovery had not yet been completed, and McKenna has since filed a flurry of requests aimed at supplementing her response.[4] So, what should have been a three-docket-entry briefing process has already yielded ten entries with a still-evolving record that makes it difficult for me to even determine what McKenna's current position on the summary-judgment issues is.

    It is well established that district courts have the inherent power to control their dockets and manage their affairs; that includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency.[5] In light of this fractured and unnecessarily lengthy approach to summary-judgment briefing that has occurred, coupled with the continually evolving state of the record, I find that the most judicially economical way to manage this situation is to exercise my inherent power to manage the docket, and essentially order a do-over of McKenna's response to the

---

[1] ECF 31.

[2] ECF 34.

[3] ECF 37.

[4] ECF 38–40, 45.

[5] *Ready Transp. v. AAR Mfg.*, 627 F.3d 402, 404–05 (9th Cir. 2010).

motion for summary judgment and the defendants' reply brief.

Accordingly, I will disregard McKenna's original response [ECF 34] and the defendants' reply [ECF 37], deny as moot McKenna's Motion for Oral Argument, Motion for Leave to File a Surreply, Motion for Leave to File a Supplemental Brief, and the Stipulation to Extend the Briefing Schedule for the Surreply and Supplemental Brief [ECF 38–40, 45], and disregard McKenna's Supplement to her motion for leave and the notice of non-opposition [ECF 41, 44]. McKenna has until April 22, 2016, to file a single response to the motion for partial summary judgment [ECF 31]. This response should contain all arguments, facts, and requests that McKenna wishes to make in response to the defendants' motion. The defendants will then have until May 9, 2016, to file their reply brief. The page limitations in Local Rule 7-4 apply. The parties must heed local rule 10-3(a)'s admonition that exhibits must not be "unnecessarily voluminous." And any evidence must be properly authenticated or the court will not consider it.[6]

Accordingly, it is HEREBY ORDERED that Plaintiff Michelle McKenna's Request for Oral Argument or, in the Alternative (1) Motion for Leave to File Surreply, and (2) Motion for Leave to File a Supplemental Brief, and the Stipulation to Extend the Briefing Schedule for the Surreply and Supplemental Brief **[ECF 38, 39, 40, 45] are DENIED**.

IT IS FURTHER ORDERED THAT **McKenna has until April 22, 2016, to file a single response to the motion for partial summary judgment** [ECF 31] that complies with this order and all applicable rules. The **defendants will then have until May 9, 2016, to file their reply brief**.

DATED: March 31, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[6] *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (rules for authenticating deposition transcripts); *Randazza v. Cox*, 2014 WL 1407378 (D. Nev. Apr. 10, 2014) (instructions for authenticating other types of documents for summary judgment).