1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4   Michelle McKenna,                    **2:14-cv-01773-JAD-CWH**

5        Plaintiff                        **Order Discharging Order to Show
                                          Cause, Granting in Part and Denying
6   v.                                    in Part Motion for Partial Summary
                                          Judgment, Denying Defendants'
7   David Chesnoff, et al.,               Motion to Seal Without Prejudice, and
                                          Granting Plaintiff's Motion to Seal**
8        Defendants
                                          [ECF Nos. 30, 31, 76]
9

10          In this legal-malpractice action, Michelle McKenna sues attorneys David Chesnoff, Richard

11   Schonfeld, and their law firm Chesnoff & Schonfeld for how they handled her 2010 personal-injury

12   action in Nevada state court.[1]  Defendants move for partial summary judgment[2] and request that their

13   voluminous briefing be sealed.[3]  McKenna asks me to delay my ruling on the summary-judgment

14   motion until after she completes discovery or, alternatively, to deny the motion.[4]  McKenna has also

15   responded[5] to my order to show cause why this case should not be dismissed for lack of subject-

16   matter jurisdiction,[6] and she moves to seal certain exhibits to that response.[7]  I find that McKenna

17   has satisfied her show-cause obligations, and I grant in part and deny in part defendants' motion for

18   partial summary judgment, deny their motion to seal without prejudice, and grant McKenna's motion

19

20   _____

21   [1] ECF No. 21.

22   [2] ECF No. 31.

23   [3] ECF No. 30.

24   [4] ECF No. 48.

25   [5] ECF No. 75.

26   [6] ECF No. 70.

27   [7] ECF No. 76.

28

to seal.[8]

## Background

### A.    The underlying personal-injury suit

McKenna alleges that she was working as a VIP cocktail waitress at the Pure nightclub inside Caesars Palace in Las Vegas, Nevada, on January 4, 2009, when she was attacked by club patron Patrick Jones, the son of then-Senior Vice President of Communications and Government Relations for Caesars Entertainment, Jan Jones Blackhurst, leaving her with traumatic brain and other injuries.[9] She retained the law firm of Chesnoff & Schonfeld to file a personal-injury action, and they filed a complaint on her behalf in Nevada State Court in November 2010 against Jones and doe and roe defendants.[10]

Chesnoff & Schonfeld were replaced by Cohen & Padda in July 2013.[11]  Cohen & Padda stipulated to amend discovery deadlines,[12] retained and designated a life-care-plan expert, disclosed additional documents,[13] and amended McKenna's complaint to include claims against Caesars, Blackhurst, and the owners and operators of Pure.[14]  Jones filed a motion to exclude the life-care-plan expert,[15] and Caesars and Pure separately moved to dismiss the claims against them.[16]

The state court granted the motions to dismiss, holding that McKenna's claims against Caesars and Pure were untimely and did not relate back to the filing of her original complaint, and

---

[8] I find these matters suitable for disposition without oral argument under L.R. 78-2.

[9] ECF No. 21.

[10] *Id*. at ¶ 121.

[11] ECF No. 48-1 at 29.

[12] *Id.* at 34.

[13] *Id.* at 25–26.

[14] *Id.* at 39.

[15] ECF No. 31-2 at 11–20 (Jones's motions in limine).

[16] ECF No. 48-1 at 26.

also that her claims against Pure were barred by the Nevada Industrial Insurance Act ("NIIA").[17]
While Jones's motion in limine was still pending, McKenna settled her claims against him for
$225,000.[18]

**B.      This malpractice lawsuit**

When Chesnoff & Schonfeld moved to enforce their attorneys' lien against McKenna in the
state action,[19] McKenna filed this malpractice action.[20]  She alleges that Chesnoff (and by extension,
his firm) had two conflicts of interest when she retained him: he owned a 1% interest in Pure,[21] and
he represented then-Pure executive Steve Davidovici in an unrelated criminal matter.[22]  She alleges
that defendants' representation was deficient because they caused unnecessary delays,[23] and they
failed to adequately investigate and prosecute her case,[24] timely sue Pure and Caesars,[25] and produce
key documents that were essential to her claims.[26]  McKenna sues for legal malpractice, breach of
fiduciary duty, deceptive trade practices, declaratory judgment, and disgorgement of fees.

---

[17] ECF No. 31-2 at 5–8 (state-court dismissal order).

[18] ECF No. 48-1 at 8, ¶ 52 (McKenna's declaration).

[19] ECF No. 31-3 at 2 (motion).  The state court granted the motion and awarded them $62,970.37 of
McKenna's settlement proceeds.  ECF No. 31-3 at 35 (state-court order adjudicating lien).

[20] ECF No. 1.

[21] ECF No. 48-1 at 121–124.

[22] ECF No. 21 at ¶¶ 122–29.  The parties dispute whether these potential conflicts were disclosed to
McKenna, but they agree that she did not consent to them in writing.  Compare ECF No. 48-1 at
123–24, *with id.* at 7.

[23] ECF No. 21 at ¶ 136.

[24] *Id*. at ¶ 131.

[25] *Id.* at ¶ 132.

[26] *Id.* at ¶ 138.

**C.      Defendants' motion for summary judgment**

Defendants move for summary judgment on the conflict-of-interest issue, McKenna's theory that Chesnoff & Schonfeld did not adequately pursue Jones, and her deceptive-trade-practices, declaratory-relief, and disgorgement claims.[27]  McKenna asks me to delay my summary-judgment ruling under FRCP 56(d) or deny the motion outright.[28]  Defendants also ask me to keep the entirety of their summary-judgment briefing under seal.[29]

The parties' briefing raised my suspicion that this court may not have subject-matter jurisdiction over this diversity case.  McKenna alleged in her amended complaint that she "is a resident of a state other than Nevada," but in her affidavit in support of her opposition, she attested that she is "a resident of Clark County, Nevada."[30]  So I ordered McKenna to show cause why this case should not be dismissed for lack of jurisdiction.[31]  McKenna timely filed a response[32] along with a request to seal certain exhibits to that response.[33]

I consider each of these matters in turn.

**Discussion**

**A.      McKenna has satisfied her obligations under the order to show cause, and I grant her motion to seal [ECF No. 76].**

McKenna's assertion that she resides in Nevada caused me to question whether she was a Nevada citizen—and thus not diverse from the defendants—when she filed this diversity-based lawsuit.  A natural person's state of citizenship is "determined by her state of domicile, not her state

---

[27] *See* ECF No. 31.

[28] ECF No. 48.

[29] ECF Nos. 30 (motion to seal), 31 (sealed motion for partial summary judgment), 49 (sealed reply).

[30] ECF No. 48-1 at 5.

[31] ECF No. 70.

[32] ECF No. 75.

[33] ECF No. 76.

of residence.  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."[34]  As the party seeking to invoke this court's jurisdiction, McKenna bears the burden of establishing that jurisdiction exists.[35]

McKenna submits records that show that, when this action was filed in October 2014, she had moved to Arizona with the intention of making it her permanent home and that she only later moved back to Nevada.  These records reflect that, when this lawsuit was filed, McKenna had leased a home in Arizona, carried an Arizona driver's license and vehicle registration, and had a job at a restaurant there, and she filed her 2014 state and federal income taxes as an Arizona resident.[36]

I find that McKenna has satisfied her obligations under my order to show cause.  I also grant McKenna's request to seal exhibits 3, 5, and 10–14 to her response.  Because these exhibits contain confidential medical, financial, and personal-identifying information, the public's interest in access to these documents is outweighed by McKenna's right to privacy in this personal information.[37]

**B.    Defendants' motion to seal [ECF No. 30] is denied without prejudice.**

I cannot reach the same conclusion about the defendants' summary-judgment briefing, however.  The Ninth Circuit explained in *Kamakana v. City & County of Honolulu* that, unless a particular court record is one "traditionally kept secret," there is a "strong presumption in favor of access" to the record.[38]  Parties seeking to seal a judicial record must overcome this presumption by "articulat[ing] compelling reasons supported by specific factual findings," that outweigh the

---

[34] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted).

[35] *Strotek Corp. v. Air Transp. Assn. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

[36] ECF No. 75.

[37] *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999) ("[A]lthough the common law right creates a strong presumption in favor of access, the presumption can be overcome by sufficiently important countervailing interests.").

[38] *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted).

1    traditional right of public access.[39]  Unlike with sealed discovery attached to a non-dispositive

2    motion, the "compelling reasons" standard applies with full force to dispositive motions and their

3    attachments—even those "previously filed under seal or protective order."[40]

4         Defendants ask me to seal their summary-judgment motion.  And they filed their reply brief

5    under seal without an accompanying motion.[41]  Defendants baldly represent that their summary-

6    judgment motion "contains evidence that is subject to" the stipulated protective order entered by this

7    court.[42]  But they do not identify which exhibits or portions thereof are subject to protection, let alone

8    "articulate compelling reasons supported by specific factual findings" that outweigh the traditional

9    right of public access to justify sealing two entire briefs and all the exhibits to them—particularly

10   when several of the exhibits that defendants seek to seal are public state-court records[43] and other

11   documents that McKenna has attached to her publicly filed opposition.

12        In an abundance of caution, and because it is possible that defendants may have some very

13   limited information in these filings that may be subject to sealing, I will leave the motion, reply, and

14   their attached exhibits under seal until **September 29, 2016.**  Defendants have until this date to file a

15   proper motion to seal these documents.  Defendants are advised that I will not seal the entirety of

16   either the motion or the reply, and I will require them to publicly file a redacted version of these

17   documents at the very least.  So, they should review these filings carefully, with the *Kamakana*

18   standard in mind, and ask me to seal only the truly confidential information.  If, after that evaluation,

19   defendants still believe that something should be sealed, they must attach to their renewed motion to

20   seal a redacted copy of the motion and the reply brief and any exhibits, with only the confidential

21   information redacted.  If defendants do not file a proper motion by September 29, 2016, I will direct

22

---

23   [39] *Id.* (internal citations and quotations omitted).

24   [40] *Id.* at 1179.

25   [41] ECF No. 30.

26   [42] *Id.* (citing ECF No. 17).

27   [43] *See* ECF No. 31-2 at 2–9 (order), 11–20 (motion); ECF No. 31-3 at 2–5 (motion), 21–22 (proof of
28   service), 24 (proof of service); 33–35 (order).

1  the Clerk of Court to unseal these filings.[44]

2      I now evaluate defendants' summary-judgment motion, referencing in this order only the

3  portions of defendants' briefs and exhibits that I do not find convidential.

4
5  **C.   Defendants' motion for partial summary judgment  [ECF No. 31] is granted in part and denied in part**.

6          **1.      Summary-judgment standards**

7      Summary judgment is appropriate when the pleadings and admissible evidence "show there

8  is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

9  law."[45]  When considering summary judgment, the court views all facts and draws all inferences in

10 the light most favorable to the nonmoving party.[46]  If reasonable minds could differ on the material

11 facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the

12 facts are undisputed and the case must proceed to the trier of fact.[47]

13     If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of

14 material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

15 showing that there is a genuine issue for as to the material facts"; she "must produce specific

16 evidence, through affidavits or admissible discovery material, to show that" there is a sufficient

17 evidentiary basis on which a reasonable fact finder could find in her favor.[48]

18     The court may only consider properly authenticated, admissible evidence in deciding a

19 motion for summary judgment.[49]  Ten of the eleven depositions that McKenna submits are not

20

21 [44] ECF Nos. 31, 31-1, 31-2, 31-3, and 49.

22 [45] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

23 [46] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

24
25 [47] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

26 [48] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.
27

28 [49] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

properly authenticated, and I exercise my discretion to decline to consider them and all other unauthenticated exhibits.[50]  Thus, the parties' unauthenticated exhibits will not figure into my summary-judgment analysis.

### 2. McKenna is not entitled to a summary-judgment delay under FRCP 56(d) to conduct additional discovery.

Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."[51]  To prevail on a Rule 56(d) request, the movant must show: "(1) that [she has] set forth in affidavit form the specific facts that [she] [hopes]

[50] In my order setting a new briefing schedule on this motion, I reminded the parties that "any evidence must be properly authenticated or the court will not consider it," and I directed them to the page in the *Orr* case where the procedure for deposition-transcript authentication is described. *See* ECF No. 47 at 2 & n.6.  I decline to consider ECF No. 48-1 at 65 (McKenna's deposition); *id.* at 75 (Patrick Jones's deposition); *id.* at 80 (Janet Spano's deposition); *id.* at 88 (Daniel Bondy's deposition); *id.* at 106 (Thomas Tynan's deposition); *id.* at 112 (James Harrison's deposition); *id.* at 196 (Schonfeld's deposition) and the letter and CV it purportedly authenticates, *id.* at 218, 256–258; *id.* at 222 (Alexander Walker Jr.'s deposition); *id.* at 226 (Ian Parr's deposition); and *id.* at 236 (Kim Schioldan's deposition) because none of them contain a signed reporter's certificate.  Chesnoff's deposition is supported by a signed reporter's certificate, so I consider it.  *Id.* at 143.  I also consider McKenna's properly authenticated declarations, *id.* at 5–27, and the state-court documents from the underlying personal-injury action, of which I take judicial notice of under FRE 201.  *Id.* at 28–51, 204–216, and 238–254; *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of a state-court opinion for claim-preclusion purposes); *see also* judicial-notice discussion *infra* at 8–9.  I also consider defendants' answers to McKenna's interrogatories.  ECF No. 48-1 at 198–202.

As to defendants' exhibits, I decline to consider the e-mails at ECF No. 31-1 at 40–45 because they are not properly authenticated through defendants' attached affidavits or otherwise; the remaining exhibits at ECF No. 31-1 are properly authenticated and I consider them.  I also take judicial notice of the state-court documents at ECF No. 31-2 at 1–27, 58–67 and ECF No. 31-3 at 2–24, 33–35.  FED. R. EVID. 201.  Finally, I decline to consider the fee agreement at ECF No. 31-3 at 26–28, the letter at ECF No. 31-3 at 30, and McKenna's deposition at ECF No. 31-3 at 37–42 because they are not properly authenticated.

In their reply brief, defendants argue that I should disregard McKenna's allegedly uncorroborated and self-serving affidavit.  ECF No. 49 at 3–8.  I do not find that the inconsistencies identified by defendants warrant disregarding McKenna's affidavit; these objections go to the weight to be given her statements by the trier of fact, not to their admissibility.

[51] *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."[52]  A Rule 56(d) motion "may be denied where the movant has been dilatory, or where the movant seeks irrelevant, speculative, or cumulative information."[53]

McKenna argues that she needs additional discovery to fully respond to defendants' arguments because the parties have not yet disclosed expert witnesses, she has not received defendants' responses to her recently served written discovery, and she intends to depose third parties and obtain evidence relating to the liability of Jones, Caesars, and Pure in her underlying personal-injury action.[54]  But nowhere in McKenna's motion or her supporting affidavit does she identify the specific facts she hopes to elicit from this additional discovery, show that these facts exist, or explain why these facts are essential for her to resist summary judgment.  Because McKenna has not made the required showing under FRCP 56(d),[55] her request for a delay of summary judgment is denied.  I thus consider defendants' motion on its merits.

---

[52] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (stating standard under former Rule 56(f)).

[53] *Slama v. City of Madera,* 2012 WL 1067198, *2 (E.D. Cal. March 28, 2012) (citing *California Union Ins. Co. v. Am.*, 914 F.2d 1271, 1278 (9th Cir. 1990) (stating that under former Rule 56(f) a district court may deny a request for further discovery if the movant has failed to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment)).

[54] ECF No. 48.  McKenna also states that she seeks additional discovery to investigate additional claims that she could have alleged against Pure and Caesars, unspecified evidence in the possession of various non-parties, and evidence of substituted counsel's efforts to remedy defendants' inadequate representation in her personal-injury case.  *Id.* at 21.

[55] Some of the additional evidence that McKenna identifies is also irrelevant.  For example, McKenna states that she needs additional time to disclose an expert on breach of duties but defendants do not move for summary judgment on the issue of breach, so this is not a proper basis to grant her FRCP 56(d) request.

**3.      Defendants are not entitled to summary judgment on their alleged conflict of interest or failure to sue Pure.**

Defendants argue that the state court's ruling that Pure was immune from McKenna's claims by application of the NIIA makes any conflict of interest as to Pure irrelevant and prevents McKenna from litigating the viability of her claims against Pure during this malpractice action.[56]  McKenna offers two responses to this argument: (1) this court may not take judicial notice of the dismissal order, so defendants have no evidence to support this argument; and (2) she could have pled claims against Pure that fell outside the scope of the NIIA, and the doctrine of issue preclusion does not bar her from now litigating this issue.[57]

*a.      The court may take judicial notice of the state court's order.*

Citing to *Lee v. City of Los Angeles*, McKenna first argues that, although I may take judicial notice of the existence of the state court's order dismissing her claims against Pure, I may not take judicial notice of its contents.[58]  And without evidence of what the state court held, defendants' issue-preclusion argument fails.

McKenna overreads *Lee*.  The *Lee* decision stands for the narrow proposition that a trial court may not take judicial notice of disputed facts stated in public records when ruling on a 12(b)(6) motion, without converting the motion to one for summary judgment.[59]  *Lee* does not prevent a court from considering "adjudicative facts that are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"[60]  And the Ninth Circuit has expressly

---

[56] ECF No. 31 at 6–8.  Defendants also argue that they have no conflict of interest as to Caesars.  *See* ECF No. 31 at 8.  Plaintiff agrees, *see* ECF No. 48 at 31; but she also does not base her claims on a Caesars-related conflict, so defendants' argument in this regard nets no summary-judgment result.

[57] ECF No. 48 at 26.

[58] *Id.* at 27.

[59] *Lee v. City of Los Angeles*, 250 F.3d 686, 690 (9th Cir. 2001).

[60] *Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) (taking judicial notice of a decision and order of an administrative law judge); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th

1    recognized that "[j]udicial notice is properly taken of orders and decisions made by other courts or

2    administrative agencies,"[61] particularly when evaluating claim-preclusion arguments.

3        McKenna does not deny that the state court granted the motion to dismiss her claims against

4    Pure and Caesars.  Nor does she deny the basis for that ruling—she just disagrees with it.  Therefore,

5    I can, and do, take judicial notice of the contents of the state court's dismissal order to ascertain

6    whether it precludes McKenna from arguing that she had claims against Pure that were not barred by

7    the NIIA.[62]

8                    **b.      *The dismissal order is not preclusive.***

9        Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and

10   resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the

11   context of a different claim."[63]  When determining the preclusive effect of a state-court decision,

12   federal courts apply the state's rules of preclusion.[64]  "In Nevada, issue preclusion requires that (1) an

13   issue be identical, (2) the initial ruling was final and on the merits, (3) 'the party against whom the

14   judgment is asserted' was a party or in privity with a party in the prior case, and (4) 'the issue was

15   actually and necessarily litigated.'"[65]

16       Here, the parties dispute only the fourth prong: whether the issue of the NIIA bar was

17   "actually and necessarily litigated" in state court.[66]  The Nevada Supreme Court has explained that an

18

19

20   ────────────────────────

21   Cir. 1992) (taking judicial notice of a state-court opinion for claim-preclusion purposes).

22   [61] *Papai*, 67 F.3d at 207 n.5.

23   [62] ECF No. 31-2 at 5–8.

24   [63] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

25   [64] *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012).

26   [65] *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 481 (Nev. 2009) (quoting *Five Star Capital*

27   *Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008)).

28   [66] ECF Nos. 48 at 28; 31 at 7.

issue is "actually litigated" when it is properly raised and submitted for determination.[67]  But whether the issue was "necessarily litigated" turns on whether "'the common issue was . . . *necessary to the judgment in the earlier suit.*'"[68]

The state court's order dismissing McKenna's belated claims against Caesars and Pure was based on two fatal defects: (1) these claims were time-barred and (2) they were also barred by the NIIA as to Pure.  Because either of these bases standing alone was sufficient to support the dismissal of the claims against Pure, the NIIA issue was not necessary to the dismissal.  Thus, the state-court decision does not prevent McKenna from litigating in this case whether her potential claims against Pure were barred by the NIIA.[69]  Defendants are therefore not entitled to summary judgment on the issue of their alleged conflict of interest as to Pure and their failure to sue Pure.[70]

### 4.   Defendants are not entitled to summary judgment on McKenna's theory that they did not adequately prosecute her claims against Jones.

Defendants next argue that they are entitled to summary judgment on McKenna's theory that they committed legal malpractice by not competently prosecuting her claims against Jones because Cohen & Padda were the last attorneys left holding the bag.  Because Cohen & Padda took over the case with adequate time to conduct or supplement any needed discovery, defendants contend that any deficiencies in the preparation of McKenna's case were proximately caused by Cohen & Padda, not by them.[71]

---

[67] *Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 918 (Nev. 2014) (citing *Frei v. Goodsell,* 305 P.3d 71, 72 (Nev. 2013); Restatement (Second) of Judgments § 27 cmt. d (1982)).

[68] *Frei*, 305 F.3d at 72 (quoting *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994)) (emphasis in original).

[69] *See* Restatement (2d) of Judgments § 27 cmt. i; ECF No. 31-2 at 5–8 (state court's dismissal order concluding that McKenna's claims against Pure are barred under the NIIA and that all claims against Caesars and Pure are time-barred).

[70] Though McKenna spends considerable time arguing that she could have asserted legally viable claims against Pure that fall outside of the NIIA, ECF No. 48 at 15–18, defendants did not move for summary judgment on this issue, and I need not—and do not—address it.

[71] ECF No. 31 at 9.

1    But the evidence on this fault assessment is nowhere close to settled.  It is undisputed that

2  certain events occurred after Cohen & Padda took over the case: McKenna's claims against Pure and

3  Caesars were dismissed; Jones moved to exclude the life-care-plan expert that Cohen & Padda

4  retained and late-produced documents; and McKenna settled with Jones while his motion in limine

5  was still pending.  But the timing of these events is not necessarily indicative of who or what caused

6  them to occur.  Although Cohen & Padda produced some of McKenna's documents after the

7  disclosure deadline,[72] defendants similarly failed to produce them during their tenure on the case.

8  Certain discovery deadlines had expired and others were near expiration when defendants handed the

9  case off to Cohen & Padda, but Cohen & Padda were able to obtain an extension.[73]

10    On this record, and without weighing evidence and assessing credibility, I cannot conclude

11  that the defendants are fault-free and that they committed no acts or omissions during their four-plus

12  years on this case that proximately left McKenna with no choice but to settle with Jones for what she

13  now contends is a drastic discount.  Nor does the record support the singular conclusion that Cohen

14  & Padda's representation was a superseding cause that absolves the defendants of any liability.[74]

15  Accordingly, defendants are not entitled to summary judgment on McKenna's theory that they did

16  not adequately prosecute her claims against Jones.

17        **5.    McKenna's deceptive-trade-practices claim is dismissed to the extent it is based**
18              **on N.R.S. § 598.0923(3) for violations of the Nevada Rules of Professional**
             **Conduct.**

19    Nevada's Deceptive Trade Practices Act makes it a "deceptive trade practice" to commit any

20  of the Act's enumerated offenses while in the course of a business or occupation.  Section

21  598.0915(15) makes it a deceptive trade practice to knowingly make any false representation in a

22  transaction, while § 598.0923(2) makes it a deceptive trade practice to fail to disclose a material fact

23

---

24  [72] ECF No. 48 at 33 (acknowledging that Cohen & Padda did not disclose the required documents
25  until after discovery had closed).

26  [73] ECF No. 48-1 at 25.

27  [74] *Drummond v. Mid-W. Growers Coop. Corp.*, 542 P.2d 198, 203 (Nev. 1975) ("Not every
   intervening cause, or even every negligent intervening cause, acts as a superseding cause absolving
28  the prior negligence.").

1   in connection with the sale or lease of goods or services, and § 598.0923(3) makes it a deceptive

2   trade practice to violate state or federal laws or regulations relating to the sale of goods or services.

3       Defendants argue that they are entitled to summary judgment on McKenna's deceptive-trade-

4   practices claim because it is improperly based on violations of the Nevada Rules of Professional

5   Conduct and non-existent and irrelevant conflicts of interest.[75]  McKenna concedes that she cannot

6   base this claim on professional-rules violations and thus withdraws her § 598.0923(3) claim.  Good

7   cause appearing, I grant her request to voluntarily dismiss this portion of her claim.

8       McKenna then maintains that her claims under NRS §§ 598.0915(15) and 598.0923(2) are

9   valid,[76] and she clarifies that her claims under these sections are not premised on violations of the

10  Nevada Rules of Professional Conduct; they are based on defendants' failure to "disclose and/or

11  misrepresenting their conflicts of interest and divided loyalty/compromised professional judgment."[77]

12  To the extent that McKenna's deceptive-trade-practices claim under NRS §§ 598.0915(15) and

13  598.0923(2) is not based on an alleged breach of the Nevada Rules of Professional Conduct (though

14  proof of violations of these rules may be relevant to the determination of whether an omission or

15  representation was material), they survive summary judgment, and defendants' motion is denied.

16
17
**6.    McKenna's claims for declaratory relief and disgorgement are dismissed for failure to state a claim.**

18      Finally, defendants move for summary judgment on McKenna's claims for declaratory relief

19  and disgorgement of fees, arguing that she cannot re-litigate the enforceability of defendants'

20  attorneys' lien and that her "claim" for disgorgement is a remedy and not a true cause of action.[78]

21  McKenna concedes that her claim for disgorgement of fees is more properly characterized as a

22
23
24

---

25  [75] ECF No. 31 at 11–13.

26  [76] ECF No. 48 at 35–36.

27  [77] *Id.* at 36.

28  [78] ECF No. 31 at 14.

request for a remedy,[79] but she maintains that her claim for declaratory relief is proper because she "seeks a declaratory judgment as to Defendants' right to recover [the] fees upon a finding of malpractice in this action."[80]

As alleged, and as clarified in her response to the summary-judgment motion, McKenna's declaratory-relief claim simply seeks the remedy of disgorgement based on her underlying malpractice claim and it, too, is more properly characterized as a remedy and not a true declaratory-relief claim.  I therefore dismiss McKenna's "claims" for declaratory relief and disgorgement without prejudice to her ability to seek these remedies should she ultimately prevail on one of her causes of action that may justify these remedies.

---

[79] *Id.*

[80] ECF No. 48 at 37.

**Conclusion**

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

**McKenna has satisfied her obligations under my show-cause order [ECF No. 70] and her obligations under the order are hereby DISCHARGED;**

McKenna's **motion to SEAL exhibits 3, 5, and 10–14 of her response [ECF No. 76] is GRANTED.  The Clerk of Court shall maintain these exhibits under seal;**

Defendants' **motion for partial summary judgment [ECF No. 31] is GRANTED in part and DENIED in part:**

- **The portion of McKenna's deceptive-trade-practices claim based on N.R.S. 598.0923(3) for violations of the Nevada Rules of Professional Conduct is DISMISSED; McKenna' claims for declaratory relief and disgorgement are DISMISSED**; and

- **Defendants' motion for partial summary judgment is DENIED in all other respects.**

**Defendants' motion to seal their motion for summary judgment and all exhibits [ECF No. 30] is DENIED without prejudice.**  Defendants must file a new and proper motion to seal the motion and reply by **September 29, 2016**, or I will direct the Clerk of Court to unseal the motion and exhibits [ECF No. 31] and defendants' reply brief [ECF No. 49].

Dated this 19th day of September, 2016

_____
Jennifer A. Dorsey
United States District Judge