# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHELLE MCKENNA,

    Plaintiff,

vs.

DAVID Z. CHESNOFF, et al.,

    Defendants.

Case No. 2:14-cv-01773-JAD-CWH

**ORDER**

Presently before the court is Defendant David Z. Chesnoff, Chtd, P.C. d/b/a Chesnoff & Schonfeld's Emergency Motion to Exclude Ruth Cohen and Paul Padda From Depositions and Limited Disqualification (ECF No. 100), filed on February 12, 2017.[1] Non-parties Ruth L. Cohen, Esq. and Paul S. Padda, Esq. filed a response (ECF No. 103) on February 16, 2017. Defendant did not file a reply.

Also before the court is Defendant's Emergency Motion for a Protective Order Excluding Ruth Cohen and Paul Padda From Each Others' Depositions and to Prevent Them From Reading Each Others' Transcripts (ECF No. 104), filed on February 21, 2017. Non-parties Cohen and Padda filed a response (ECF No. 105) on February 21, 2017. Defendant did not file a reply.

## I. BACKGROUND

This is a legal-malpractice action in which Plaintiff Michelle McKenna sues attorneys David Chesnoff, Richard Schonfeld, and their law firm Chesnoff & Schonfeld for how they handled her personal injury action in Nevada state court. Attorneys Ruth Cohen and Paul Padda,

---

[1] It is unclear which defendants are bringing the motions addressed by this order. While the titles of the motions state that they were filed only on behalf of Defendant David Z. Chesnoff, Chtd., P.C. d/b/a Chesnoff & Schonfeld, based on the substance of the motions, it appears the relief is sought by all three defendants, including the law firm Chesnoff & Schonfeld, David Chesnoff, and Richard Schonfeld.

who are not parties in this case, also represented Plaintiff in her personal injury action.[2] During discovery in this case, Defendants issued subpoenas for Ms. Cohen and Mr. Padda's depositions. (Emergency Mot. to Exclude Ruth Cohen & Paul Padda from Depos. & Limited Disqualification (ECF No. 100), Exs. 10-11.) On the date of Mr. Padda's deposition, he appeared with Ms. Cohen as his attorney. (Decl. of Sean D. Cooney (ECF No. 100-1) at ¶¶ 19-20.) Defendants objected to Ms. Cohen's presence at the deposition, and the parties initiated a telephonic discovery conference with the court. (*Id.*) The court heard the parties' arguments and invited Defendants to file a written motion if Defendants did not wish to proceed with Mr. Padda's deposition with Ms. Cohen present. It is the court's understanding that following the telephonic discovery conference, Defendants vacated Mr. Padda's deposition. (*See* Resp. by Non-Parties Ruth L. Cohen, Esq. & Paul S. Padda, Esq. (ECF No. 103) at 1.)

Defendants now move for a protective order barring Ms. Cohen and Mr. Padda from attending each other's depositions, from reviewing each other's deposition transcripts, from discussing the depositions with anyone, and from representing each other at the depositions. Defendants argue that Federal Rule of Evidence 615 requires that witnesses be excluded from observing other witnesses' depositions and that an attorney-witness may not avoid exclusion on the grounds that the attorney represents the deponent. According to Defendants, there is good cause to issue a protective order because Ms. Cohen and Mr. Padda might collude to conform their testimony and that one's deposition testimony will, even subconsciously, influence the other's testimony. Defendants represent that if there is an award of damages against them in this case, they may bring a separate indemnity and contribution case against Ms. Cohen and Mr. Padda, thereby making Ms. Cohen and Mr. Padda personally interested in the outcome of this case and increasing the risk they will be influenced by each other. Defendants further argue that Nevada Rule of Professional Conduct 3.7 prohibits an attorney who is a witness from also acting as an advocate in the case.

---

[2] Defendants moved to add Ruth Cohen, Paul Padda, and the law firm Cohen & Padda as parties in this case, but that motion was denied. (Mins. of Proceedings (ECF No. 91).)

1  Ms. Cohen and Mr. Padda respond that Rule 30(c)(1) of the Federal Rules of Civil
2  Procedure, which governs depositions, establishes that Federal Rule of Evidence 615 does not
3  apply at depositions.  They further respond that there is not good cause for a protective order
4  because Defendants have not met their burden of setting forth specific facts demonstrating a need
5  for protection.  Regarding the ethical issue, they argue that Nevada Rule of Professional Conduct
6  3.7 concerns advocacy at trial, not advocacy in the pretrial stage.  Finally, they argue that
7  speculative conflicts of interest do not justify disqualification and that Defendants do not have
8  standing to raise the issue.

## II.     ANALYSIS

### A.     Exclusion of Witnesses

Rule 615 of the Federal Rules of Evidence deals with excluding or sequestering witnesses:

> [a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.  Or the court may do so on its own.  But this rule does not authorize excluding:
> (a) a party who is a natural person;
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
> (d) a person authorized by statute to be present.

In 1993, Rule 30(c)(1) of the Federal Rules of Civil Procedure governing depositions was amended to clarify that other witnesses are not automatically excluded from a deposition at a party's request. *See* Fed. R. Civ. P. 30(c) advisory committee's note to 1993 amendment.  Rule 30(c) now states that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615."  Fed. R. Civ. P. 30(c)(1).  The amendment's purpose was to address the "recurring problem as to whether other potential deponents can attend a deposition" that arose because some courts held that witnesses should be excluded from depositions under Rule 615 of the evidence rules, while other courts held that witnesses may attend deposition unless excluded by a protective order.  Fed. R. Civ. P. 30(c) advisory committee's note to 1993 amendment.  Under the current rule, a party seeking to exclude other witnesses must obtain a protective order under Rule 26(c)(1)(E) of the Federal Rules of Civil Procedure.  *Id.*; *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam).

1   Under Rule 26(c)(1)(E), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating the persons who may be present while the discovery is conducted." The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (quotation omitted).

Here, the court finds that Defendants have not met their burden of showing that specific prejudice or harm will result if a protective order is not granted. Apart from Defendants' argument that Ms. Cohen and Ms. Padda may engage in improper collusion or subconsciously conform their testimony, Defendants do not identify a substantiated example of potential harm to Defendants. *See Collins v. City & Cty. of San Francisco*, No. 13-CV-03456-MEJ, 2014 WL 7665248, at *1, *2-4 (N.D. Cal. Oct. 30, 2014) (denying motion for a protective order precluding plaintiffs from attending each other's depositions or reviewing their testimony because the defendant seeking the protective order made only broad allegations that witnesses would conform their testimony). Defendants do not point to any specific facts indicating that Ms. Cohen and Mr. Padda—who are officers of the court—will not tell the truth while under oath at their depositions. Given that Defendants have not shown good cause for issuing a protective order, the court will deny Defendants' motion.

### B.   Attorney Disqualification

In the United States District Court for the District of Nevada, attorneys must abide by the Model Rules of Professional Conduct as adopted by the Supreme Court of Nevada. LR IA 11-7(a). Rule 3.7 of the Nevada Rules of Professional Conduct provides in relevant part as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) The testimony relates to an uncontested issue;
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
> (3) Disqualification of the lawyer would work substantial hardship on the client.

Nev. R. Prof. Conduct 3.7. Under Rule 3.7, an attorney who is likely to be a necessary witness is

not automatically precluded from representing a client in pretrial proceedings. *DiMartino v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 66 P.3d 945, 947 (Nev. 2003). Reasoning that the rule "is meant to eliminate any confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness," the Nevada Supreme Court explained that "the rule does not mandate complete disqualification of an attorney who may be called as a witness; by its plain terms, [Rule 3.7] simply prohibits the attorney from appearing as trial counsel." *Id.* (citing former Supreme Court Rule 178, which is now Rule 3.7). The rule does not, however, allow an attorney who is expected to testify at trial to "appear in any situation requiring the lawyer to argue his own veracity to a court or other body, whether in a hearing on a preliminary motion, an appeal or other proceeding." *Id.* (quoting ABA Comm. on Ethics & Prof'l Responsibility, Informal Op. 1529 (1989)). When determining whether to disqualify an attorney, the court must balance the parties' interests and consider the hardship the attorney's disqualification may have on the client. *Id.*

Here, given that the depositions at issue are pretrial proceedings, the court finds that Rule 3.7 does not require the court to disqualify Ms. Cohen and Mr. Padda from representing each other during their depositions. Although Defendants have a tactical interest in precluding Ms. Cohen and Mr. Padda from defending each other's depositions because the second deponent will be able to anticipate some of the questions that may be asked, Ms. Cohen and Mr. Padda have an interest in being represented by an attorney of their choice at their depositions. Ms. Cohen and Mr. Padda do not present argument regarding the hardship their disqualification would have on them, thus, the court is unable to evaluate this factor. Additionally, during the depositions, Ms. Cohen and Mr. Padda will not be required to argue their own veracity to the court. If this case goes to trial and Ms. Cohen and Mr. Padda are subpoenaed as witnesses, neither of them will be appearing as trial counsel because they do not represent parties in this case and therefore will not be required to argue their own veracity at trial. The court therefore finds there is not a reason to disqualify Ms. Cohen and Mr. Padda from representing each other at their depositions and will deny Defendants' motion on that grounds.

///

///

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant David Z. Chesnoff, Chtd, P.C. d/b/a Chesnoff & Schonfeld's Emergency Motion to Exclude Ruth Cohen and Paul Padda From Depositions and Limited Disqualification (ECF No. 100) is DENIED.

IT IS FURTHER ORDERED that Defendant's Emergency Motion for a Protective Order Excluding Ruth Cohen and Paul Padda From Each Others' Depositions and to Prevent Them From Reading Each Others' Transcripts (ECF No. 104) is DENIED.

DATED: February 23, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**