| | |
|---|---|
| Michelle McKenna, | 2:14-cv-01773-JAD-CWH |
| Plaintiff | **Order Denying Motion for Reconsideration Re: Cohen and Padda Depositions** |
| v. | |
| David Z. Chesnoff, et al., | [ECF No. 108] |
| Defendants | |

Plaintiff Michelle McKenna hired attorneys David Chesnoff and Richard Schonfeld and their law firm to represent her in a personal-injury case against Patrick Jones. Mid-suit, McKenna replaced the Chesnoff defendants with attorneys Ruth Cohen and Paul Padda, who litigated her case for another seven months before settling it. McKenna now sues the Chesnoff defendants for legal malpractice.

When it became clear that Cohen and Padda intend to serve as counsel for each other at their depositions in this case, the Chesnoff defendants moved for a protective order excluding these attorneys from the other's deposition, disqualifying them from representing one another, and barring them from even talking about their depositions.[1] Magistrate Judge Hoffman denied the motion,[2] and the Chesnoff defendants move for reconsideration.[3] They argue that the order "is clearly erroneous and contrary to law because" Judge Hoffman seemed to hold that "the only way to show 'good cause' to exclude a witness from another witness'[s]

---

[1] ECF No. 100.

[2] ECF No. 107.

[3] ECF No. 108.

deposition is to show that actual collusion will, without any doubt, occur."[4]  And in

applying this approach, the magistrate judge ignored other relevant factors and a

"directly on point" unpublished Pennsylvania district-court case that they believe

nets a better outcome for them.[5]  Because I find that Judge Hoffman properly

applied the right legal standard and reached the right conclusion, I deny the motion

for reconsideration.

Discussion

### A.    Standard of review for magistrate judge's discovery order

A magistrate judge's discovery order may be modified or set aside if it is

"clearly erroneous or contrary to law."[6]  Factual determinations are reviewed for

clear error, and legal conclusions are reviewed to determine whether they are

contrary to law.  The clear-error standard allows the court to overturn a magistrate

judge's factual determinations only if the court reaches a "definite and firm

conviction that a mistake has been committed."[7]

### B.    The Chesnoff defendants have not shown that the magistrate judge's order is clearly erroneous or contrary to law.

In their original motion, the Chesnoff defendants raised several arguments.

They claimed that Rule 3.7 of the Nevada Rules of Professional Conduct, which

prevents a lawyer from acting as an "advocate at a trial in which the lawyer is

likely to be a necessary witness,"[8] prevents Cohen and Padda from acting as each

---

[4]  *Id.* at 4.

[5]  *Id.* at 6–7.

[6]  LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[7]  *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

[8]  Nev. R. Prof. Conduct 3.7.

other's deposition counsel.[9]   Magistrate Judge Hoffman found that this rule only applies to trial, not pretrial proceedings like depositions, and he rejected the argument.[10]   They also argued that Rule 615 of the Federal Rules of Evidence—the exclusionary rule commonly invoked at trial to prevent trial witnesses from hearing the others' testimony—compels Cohen and Padda's exclusion from these depositions.  Magistrate Judge Hoffman quickly disposed of that argument, too: Rule 30(c) of the Federal Rules of Civil Procedure was amended in 1993 to make it clear that FRE 615 does not apply to depositions.[11]   He found the truly applicable rule to be FRCP 26(c)(1)(E), which allows the court to issue a protective order when the movant has stated "particular and specific facts" showing "good cause."[12]   And he cited as the authority for this standard the Ninth Circuit's recognition in *Foltz v. State Farm Mutual Automobile Insurance Company* that "[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy" the good-cause test.[13]

   The Chesnoff defendants challenge only this last portion of the order.  They contend that *Foltz* is a document-sealing case and a square peg in the round hole of witness exclusion.[14]   So, instead of denying the motion because the Chesnoff defendants did not show a likelihood of harm with "specific examples or articulated reasoning," the magistrate judge should have evaluated in detail the facts that

---

[9]  ECF No. 100 at 9–11.

[10]  ECF No. 107 at 5.

[11]  Fed. R. Civ. P. 30(c).  *See* ECF No. 107 at 3.

[12]  ECF No. 107 at 3–4.

[13]  *Id.* at 4 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

[14]  ECF No. 108 at 5.

Cohen and Padda (1) "were partners in their now-dissolved law firm, (2) maintain a close professional relationship to this day, (3) made strategic decisions in the underlying suit, the reasons for which are solely within their knowledge, and (4) have a deep interest in the outcome of this case because they handled the underlying suit at a critical time."[15] The Chesnoff defendants further argue that the magistrate judge erred by not applying *Dade v. Willis*, an unpublished decision from the Eastern District of Pennsylvania, and by not concluding—as the *Dade* court did—that exclusion is required.[16] I disagree.

First, I take issue with the premise of the Chesnoff defendants' argument: I do not accept their characterization of the magistrate judge's analysis. Magistrate Judge Hoffman did not misapply *Foltz* to hold "that the only way to show 'good cause' to exclude a witness from another witness'[s] deposition is to show that actual collusion will, without any doubt, occur."[17] *Foltz* reflects the general rules for evaluating good cause for a protective order under FRCP 26(c) in this circuit. Though it does not prescribe the factors that courts must consider in divining good cause, it requires "that the court's determination 'identify and discuss the factors it considered in its good cause examination to allow appellate review of the exercise of its discretion.'"[18] And district courts in this circuit have applied the specific-showing standard noted in *Foltz* when denying witness-exclusion protective orders.[19]

---

[15] *Id.* at 6.

[16] *Dade v. Willis*, 1998 WL 260270 (E.D. Pa. Apr. 20, 1998).

[17] ECF No. 108 at 4.

[18] *Foltz*, 331 F.3d at 1130 (quoting *Phillips v. Gen. Motors*, 307 F.3d 1206, 1212 (9th Cir. 2002)).

[19] *See, e.g., Collins v. City & County of San Francisco*, 2014 WL 7665248 (N.D. Cal., Oct. 30, 2014) (noting that, "[t]o establish good cause, a party seeking a protective

That is precisely what Magistrate Judge Hoffman did here. He cited and applied the *Foltz* standard but found that the defendants offered only speculation that Cohen and Padda "may engage in improper collusion or subconsciously conform their testimony,"[20] so he denied the motion. This ruling does not suggest "that the only way to show 'good cause' . . . is to show that actual collusion will, without any doubt, occur."[21] It is just a recognition that the law requires, and the Chesnoff defendants failed to provide, some showing of this risk. So, I cannot conclude that the magistrate judge's order—founded on the principles that control a Rule 26(c) analysis in this circuit—was contrary to law.

Nor can I conclude that it was clearly erroneous. The factors that the Chesnoff defendants identify do not show good cause in light of these witnesses' minimal roles in the facts giving rise to this case. And the magistrate judge's reliance on authority within this circuit instead of the Pennsylvania court's order in *Dade* was well within his discretion. Plus, *Dade* does not compel a different result. The *Dade* court, too, "recognize[d] that many courts have declined to order sequestration based on a broad and conclusory allegation that, should the witnesses be allowed to attend each other's depositions, they will tailor their testimony to

order must set forth particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements," and denying motion to exclude witnesses from depositions based on concerns of collusion because "the City ha[d] not made a particular and specific demonstration of fact sufficient to warrant a protective order precluding Plaintiffs from attending each other's depositions or reviewing their testimony"); *Stafford v. Brink's, Inc.*, 2014 WL 12639087, * 2 (C.D. Cal., Oct. 21, 2014) (denying protective order where "plaintiff ha[d] not supported his request with affidavits or declarations or other evidence to support the assertion that collusion is likely to occur. Indeed the basis on which plaintiff seeks exclusion here would apply to most every case, and would effectively eliminate the need to show good cause to obtain a protective order.").

[20] ECF No. 107 at 4.

[21] ECF No. 108 at 4.

5

conform to one another."[22]  But it concluded that the circumstances in that case were "extraordinary."  The witnesses in question were law-enforcement officer-defendants in a police-brutality suit, and the plaintiff demonstrated that the issues in the case were "matters solely within" their knowledge "and, consequently, credibility [wa]s the crucial issue."  Plus, "[b]ecause two of the witnesses [we]re not only partners on the police force, but defendants who possess[ed] an interest in the outcome of th[e] case, the risk that the testimony of one [would], either consciously or subconsciously, influence the testimony of the other [wa]s substantially elevated."[23]  "The entire case hinge[d] on a credibility determination [that wa]s severely skewed by defendants' status as police officers contrasted with plaintiff's criminal background."[24]

The Chesnoff defendants did not make a similar showing.  As the magistrate judge accurately summarized, they did "not point to any specific facts indicating that Ms. Cohen and Mr. Padda—who are officers of the court—will not tell the truth while under oath at their depositions."[25]  The postures of this case and *Dade* are also materially distinguishable.  Unlike the *Dade* officers, Cohen and Padda are not parties and currently possess no interest in the outcome of this case.  They—and their credibility—are not the lynchpin of this case.  Thus, I cannot conclude that the magistrate judge's order denying the motion to exclude Cohen and Padda from the depositions and disqualify them from mutual representation was clearly erroneous or contrary to law.

---

[22]  *Dade*, 1998 WL 260270, *3.

[23]  *Id.* at *2.

[24]  *Id.* at *3.

[25]  ECF No. 107 at 4.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Chesnoff defendants' Motion for Reconsideration by District Court of Magistrate Judge C.W. Hoffman's February 23, 2017, Order [ECF No. 108] is DENIED.

DATED: October 30, 2017.

_____
Jennifer A. Dorsey
United States District Judge